JOHN C. CRUDEN, Acting Assistant Attorney General
JEAN E. WILLIAMS, Chief
LISA L. RUSSELL, Assistant Chief
RICKEY D. TURNER, Trial Attorney
U.S. Department of Justice
Environment and Natural Resources Division
Wildlife and Marine Resources Section
Ben Franklin Station, P.O. Box 7369
Washington, D.C. 20044-7369
(202) 305-0339 (tel)
(202) 305-0275 (fax)

Attorneys for Defendants

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLORADO

| | |
|---|---|
| CENTER FOR NATIVE ECOSYSTEMS and BIODIVERSITY CONSERVATION ALLIANCE<br><br>Plaintiffs,<br><br>v.<br><br>U.S. FISH AND WILDLIFE SERVICE, and KENNETH SALAZAR, Secretary of the Department of the Interior,<br><br>Defendants. | Case No. 1:08-cv-2394-AP |

## STIPULATED SETTLEMENT AND ORDER

Plaintiffs Center for Native Ecosystems and Biodiversity Conservation Alliance and Defendants Kenneth Salazar, in his official capacity as Secretary of the Interior and the U.S. Fish and Wildlife Service (collectively, the Service), by and through their undersigned counsel, state as follows:

WHEREAS, on August 7, 2007, Plaintiffs submitted a petition to the Secretary to list the Wyoming pocket gopher as endangered or threatened under the Endangered Species Act (ESA).

STIPULATED SETTLEMENT                    1

WHEREAS, within 90 days after receiving a petition and to the maximum extent practicable, the Secretary has a non-discretionary duty to make initial findings as to "whether the petition presents substantial scientific or commercial information indicating that the petitioned action may be warranted." 16 U.S.C. §1533(b)(3)(A).

WHEREAS, on June 17, 2008, Plaintiffs sent the Service a Notice of Intent to Sue for the Service's alleged failure to issue an initial 90-day finding. 16 U.S.C. § 1540(g)(2)(A).

WHEREAS, on November 4, 2008, Plaintiffs filed a complaint for declaratory and injunctive relief alleging that the Secretary failed to comply with the duty to make an initial 90-day finding on the Wyoming pocket gopher.

WHEREAS, on February 10, 2009, the Service published its 90-day finding on the Wyoming pocket gopher and found that the petition presented substantial scientific or commercial information indicating that listing the Wyoming pocket gopher may be warranted. 74 Fed. Reg. 6558 (February 10, 2009).

WHEREAS, if a petition is found to present substantial scientific information indicating that the petitioned action may be warranted, the Service is to commence a status review on the species and, within 12 months of petition receipt, issue a second finding on the petition as to whether the petitioned action is not warranted, warranted, or warranted but precluded. 16 U.S.C. § 1533(b)(3)(A); § 1533(b)(3)(B).

WHEREAS, to date, the Service has not made a 12-month finding on the Wyoming pocket gopher petition.

WHEREAS, the parties wish to avoid additional litigation concerning the 12-month finding on the Wyoming pocket gopher.

WHEREAS, Plaintiffs and the Service, through their authorized representatives, and

STIPULATED SETTLEMENT                                        2

without any admission or final adjudication of the issues of fact or law with respect to Plaintiffs's claims, have reached a settlement that they consider to be a just, fair, adequate, and equitable resolution of the dispute.

WHEREAS, Plaintiffs and the Service agree that settlement of this action in this manner is in the public interest and is an appropriate way to resolve the dispute between them.

NOW, THEREFORE, IT IS STIPULATED BY AND BETWEEN THE PARTIES AS FOLLOWS:

1. Pursuant to 16 U.S.C. § 1533(b)(3)(B), the Service agrees to submit to the Federal Register for publication a 12-month finding for the Wyoming pocket gopher by April 10, 2010. In consideration of the Service's agreement to meet this deadline, Plaintiffs agrees to dismiss the present action with prejudice.

2. Either party may seek to modify the deadline for any actions specified in Paragraph 1 for good cause shown, consistent with the Federal Rules of Civil Procedure. In that event, or in the event that either party believes that the other party has failed to comply with any term or condition of this Agreement, the parties shall use the dispute resolution procedures specified in Paragraph 3.

3. The Order entering this Agreement may be modified by the Court upon good cause shown, consistent with the Federal Rules of Civil Procedure, by written stipulation between the parties filed with and approved by the Court, or upon written motion filed by one of the parties and granted by the Court. In the event that either party seeks to modify the terms of this Agreement, including the deadline for the actions specified in Paragraph 1, or in the event of a dispute arising out of or relating to this Agreement, or in the event that either party believes that the other party has failed to comply with any term or condition of this Agreement, the party

seeking the modification, raising the dispute or seeking enforcement, shall provide the other party with written notice of the claim. The parties agree that they will meet and confer (in-person not required) at the earliest possible time in a good-faith effort to resolve the claim before pursuing relief from the Court. If the parties are unable to resolve the claim within a reasonable time, either party may seek relief from the Court.

4. No party shall use this Agreement or the terms herein as evidence of what does or does not constitute a reasonable time line for issuing a 90-day or 12-month finding under 16 U.S.C. § 1533 or in any other proceeding regarding the Service's implementation of the ESA.

5. Defendant agrees that Plaintiffs are the "prevailing party" in this action, and agrees to pay Plaintiffs reasonable attorneys' fees and costs, pursuant to Section 11(g) of the ESA, 16 U.S.C. § 1540 (g). Therefore, Defendant agrees to settle all of Plaintiffs' claims for costs and attorneys' fees in the above-captioned litigation for a total of $10,692.96. A check will be made payable in that amount to Neil Levine, Law Offices, 2539 Eliot Street, Denver, Colorado 80211.

6. Defendant agrees to submit all necessary paperwork for the processing of the attorneys' fee award to the Department of the Treasury's Judgment Fund Office, pursuant to 16 U.S.C. § 1540(g)(4), within ten (10) business days of receipt of the court order approving this stipulation.

7. Plaintiffs agree to accept payment of $10,692.96 in full satisfaction of any and all claims for attorneys' fees and costs of litigation to which Plaintiffs are entitled in the above-captioned litigation, through and including the date of this agreement.

8. Plaintiffs agree that receipt of this payment from Defendant shall operate as a release of Plaintiffs' claims for attorneys' fees and costs in this matter, through and including the date of this agreement.

9. Plaintiffs reserve the right to seek additional fees and costs incurred subsequent to this agreement arising from a need to enforce or defend against efforts to modify the underlying schedule outlined in Paragraph 1, or for any other unforeseen continuation of this action.

10. Defendant does not waive any right to contest fees claimed by Plaintiffs or Plaintiffs' counsel, including the hourly rate, in any future litigation, or continuation of the present action. Further, this stipulation as to attorneys' fees and costs has no precedential value and shall not be used as evidence in any other attorneys' fees litigation.

11. Subject to the qualifications in Paragraph 12, no provision of this Agreement shall be interpreted as, or constitute, a commitment or requirement that Defendant takes action in contravention of the Endangered Species Act, the Administrative Procedure Act, or any other law or regulation, either substantive or procedural. Nothing in this Settlement Agreement shall be construed to limit or modify the discretion accorded to the Service by the ESA, the APA, or general principles of administrative law with respect to the procedures to be followed in making any determination required herein, or as to the substance of any final determination.

12. No provision of this Agreement shall be interpreted as, or constitute, a commitment or requirement that Defendant is obligated to spend funds in violation of the Anti-Deficiency Act, 31 U.S.C. § 1341. In response, Plaintiffs assert that this Agreement does not create a conflict with the Anti-Deficiency Act because the duty to make petition findings is required in non-discretionary terms by the ESA and because the Anti-Deficiency Act would not excuse compliance with a pre-existing court-approved Agreement. Plaintiffs may assert this position if Defendant fails to comply with the terms of this Agreement for reasons of insufficient appropriations. Defendant reserves all legal and equitable defense to any argument by Plaintiffs that the Anti-Deficiency Act does not apply to non-discretionary duties required by the ESA.

STIPULATED SETTLEMENT                                                      5

13. The parties agree that this Agreement was negotiated in good faith and it constitutes a settlement of claims that were vigorously contested, denied, and disputed by the parties. By entering into this Agreement the parties do not waive any claim or defense.

14. The undersigned representatives of each party certify that they are fully authorized by the party or parties they represent to agree to the Court's entry of the terms and conditions of this Agreement and do hereby agree to the terms herein.

15. The terms of this Agreement shall become effective upon entry of an order by the Court ratifying the Agreement.

16. Upon approval of this Agreement by the Court, all counts of Plaintiffs' Complaint shall be dismissed with prejudice, pursuant to Federal Rule of Civil Procedure 41(a)(1). Notwithstanding the dismissal of this action, the parties hereby stipulate and respectfully request that the Court retain jurisdiction to oversee compliance with the terms of this Agreement and to resolve any motions to modify such terms. *See Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375 (1994).

Respectfully submitted this 12th day of June, 2009.

/s/ Neil Levine (w/ permission by RDT)
NEIL LEVINE
2539 Eliot Street
Denver, Colorado 80211
Tel. 303-455-0604
Fax. 303-484-8470
nlevine@grandcanyontrust.org

Attorney for Plaintiffs

JOHN C. CRUDEN
Acting Assistant Attorney General
JEAN E. WILLIAMS, Chief
LISA L. RUSSELL, Assistant Chief

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

/s/ Rickey D. Turner Jr.
_____
RICKEY D. TURNER JR., Trial Attorney
U.S. Department of Justice
Environment & Natural Resources Division
Wildlife & Marine Resources Section
Ben Franklin Station
P.O. Box 7369
Washington, DC 20044-7369
Phone: (202) 305-0229
Fax: (202) 305-0275
Email: rickey.turner@usdoj.gov

Attorneys for Defendants

**UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF COLORADO**

|  |  |
|---|---|
| CENTER FOR NATIVE ECOSYSTEMS and BIODIVERSITY CONSERVATION ALLIANCE <br><br> Plaintiffs, <br><br> v. <br><br> U.S. FISH AND WILDLIFE SERVICE, and KENNETH SALAZAR, Secretary of the Department of the Interior, <br><br> Defendants. | Case No. 1:08-cv-2394-JLK |

**ORDER**

It is ordered that the terms and conditions of this Stipulated Settlement Agreement are hereby adopted as an ORDER of this Court. The Court retains jurisdiction to oversee compliance with the terms of this Agreement and to resolve any motions to modify such terms.

Dated: June 17, 2009.

*S/John L. Kane*
United States District Judge

STIPULATED SETTLEMENT               8